UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TYREN M. MORGAN,

                    Plaintiff,

-vs-                                                    Case No.  8:06-cv-1692-T-17MAP

ST. PETERSBURG POLICE DEPT., PASCO
COUNTY SHERIFF'S DEPARTMENT,

                    Defendants.
_____/

## **ORDER**

Claims Against St. Petersburg Police Department

        In Case No. 8:04-cv-2268-T-17MAP, pro se prisoner Plaintiff, who was then

incarcerated in the Pasco County Jail, filed a 42 U.S.C. § 1983 civil rights complaint

alleging that Defendants violated his constitutional rights.  He alleged that he was falsely

imprisoned for a crime he did not commit.   He contended that he was falsely arrested for

a crime that someone else committed with his ID. In support he claimed that the St.

Petersburg Police Department stopped someone who was using his [Morgan's] I.D. card

but the police department failed to arrest that person knowing that the person had "just

committed a crime of selling drugs to undercover [sic] and he committed a crime with my

I.D. card again in Pasco."  He alleged that Pasco County became involved after evidence

proved that he [Morgan] did not commit the crime, but continued to hold him and attempt

to convict him.

As relief, Plaintiff sought to be reimbursed for his loss due to pain and suffering.  He

contended that he was falsely imprisoned for a crime that was committed against him and

that he lost money and that his loved ones suffered because of his imprisonment.

Plaintiff, who is now incarcerated at the Pinellas County Jail,  has raised the same

claims in this case.  In the 2004 case, the Court found that Plaintiff's claims had not

accrued.  The Court stated:

> To recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated.

> Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.  The statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the Plaintiff's favor, so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.  Heck v. Humphrey, 512 U.S. 477, 486, 487 (1994) (citations omitted).

In the present case, "a judgment in favor of the Plaintiff would necessarily imply the invalidity of his arrest.  Plaintiff Morgan has not demonstrated that "the [arrest] conviction or sentence has already been invalidated."  Therefore,  Plaintiff's 42 U.S.C. § 1983 claim relative has not yet accrued.

Accordingly, the Court orders:

1. That this case is dismissed, without prejudice to Plaintiff's right to refile his claim under 42 U.S.C. § 1983 when he can demonstrate that the arrest, conviction or sentence has been invalidated.  The Clerk is directed to enter judgment against Plaintiff and to close this case.

2. Plaintiff is assessed the $150.00 filing fee and is required to complete the attached prisoner consent form and return a copy to this Court.

Plaintiff has not shown that the <u>charges against him in St. Petersburg</u> have been invalidated.  He raises this same claim in the present case that he raised in the 2004 case, and for the same reason, the Court will dismiss the complaint as premature.

Claims Against Pasco County Sheriff's Department

In Case Number 8:04-cv-2605-T-17EAJ, Plaintiff raised the same claims against the Pasco County Sheriff's Department that he raises in the present case. In the 2004 case, the Court order dismissing the claim, with prejudice, read:

Pro se Plaintiff filed a 42 U.S.C. § 1983 civil rights complaint alleging: "I was arrested and held for a crime against me for 9 months unlawful arrest."

In support he contends that:

I was held for a crime someone else committed with my I.D. Card and now that the charge was dismissed I am refiling my complaint like it says I can do on the papers and I get back this is for the Pasco Case.  It has been resolved in dismissal of charge on 11-15-04 in front of Judge Lynn Tepper, Dade City courthouse . . .

Plaintiff seeks reimbursement for "loss due to pain and suffering and I loss [sic] money do [sic] to my incarceration.  I couldn't work."

Discussion

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

1.  whether the conduct complained of was committed by a person acting under color of state law; and

2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Tillman v. Coley, 886 F.2d 317, 319 (11th Cir.), reh'g denied en banc, 893 F.2d 346 (11th Cir. 1989); Barfield v. Brierton, 883 F.2d 923, 934 (11th Cir. 1989);  Cornelius v. Town of Highland Lake, Alabama, 880 F.2d 348, 352 (11th Cir.), reh'g denied en banc, 887 F.2d 1093 (11th Cir. 1989), cert. denied, Spears v. Cornelius, 494 U.S. 1066 (1990) overruled on other grounds by White v. Lemacks, 183 F.3d 1253, 1259 (1999) citing Collins v. City of Harker Heights, 503 U.S. 115 (1992).

Plaintiff fails to meet the elements described above.  First, Plaintiff has not alleged the violation of any constitutional right.  In Albright v. Oliver, 510 U.S. 266 (1994), the Supreme Court stated that section 1983 was not itself a source of substantive rights, but merely provided a method for vindicating federal rights elsewhere conferred.   510 U.S. at 271.   In Albright, the Supreme Court also stated that an arrest without probable cause did not violation arrestee's substantive due process rights sufficient to support a section 1983 civil rights action. Id. at 819-822.

Second, Plaintiff cannot properly sue the Pasco County Sheriff's Department under section 1983.  It is true that, in Monell v. Department of Social Services, the Supreme Court held that Congress "intend[ed] municipalities and other local government units to be included among those persons to whom § 1983 applies."  436 U.S. 658, 690 (1978).  The question here,  however, is not whether the Pasco County Sheriff's Department is a person within the meaning of Monell, but whether the Department is a legal entity capable of being sued. Dean v. Barber, et. al., 951 F.2d 1210, 1214 (11th Cir. 1992).   As the Dean Court pointed out, sheriff and police departments are not usually considered legal entities subject to suit, id., see also, Post v. City of Fort Lauderdale, 750 F.Supp. 1131 (S.D. Fla. 1990); Shelby v. City of Atlanta, 578 F.Supp. 1368, 1370 (N.D. Ga. 1984); however, the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Fed.R.Civ.P. 17(b); see also, Dean at 1214;

-4-

Shaw v. California Dept. of Alcoholic Beverage Control, 788 F.2d 600, 605 (9th Cir. 1986).

Local government entities can be sued for violations of constitutional rights, see Monell at 690;  Pembaur v. City of Cincinnati, 475 U.S. 469, 484 n. 12 (1986);  however, the violation must bear some relation to the entities' "policies or customs."  Monell at 690-91; see City of St. Louis v. Praprotnik, 485 U.S. 112, 124 n. 1 (1988).  The contours of an entity's liability have been delineated in cases arising after Monell and vary greatly from state to state. Praprotnik, 485 U.S. at 123;  compare, Dean, 951 F.2d at 1214-15 (holding that a Sheriff was a state employee and thus the correct party in interest was the state);  with Strickler v. Waters, 989 F.2d 1375 (4th Cir.), cert. denied, 510 U.S. 949 (1993) (holding that neither the city nor the state was responsible for the actions of the Sheriff, because, as a state constitutional officer, [as is Florida's Sheriff], the Sheriff served independent of the municipal, county, or state government);  and Zook v. Brown, 865 F.2d 887, 895 (7th Cir. 1989) (concluding that by county delegation and approval, the sheriff was responsible for establishing final county policy on discipline for the county and therefore was the proper party).

Florida has examined the question as to the correct party in interest as it pertains to police departments and found the city or municipal corporation to be the proper party.  See Post v. City of Fort Lauderdale, 750 F. Supp. 1131 (S.D. Fla. 1990);  Florida City Police Dept. v. Corcoran, 661 So.2d 409 (Fla. 3d DCA 1995).  In so finding, the courts have reasoned that the police department is the vehicle through which the city fulfills its policing functions.  Therefore, the Florida courts have found that the city police department is not a legal entity and has no legal existence separate and apart from the city. Corcoran, 661 So.2d at 410.

The ultimate determination of the proper party involving governmental entities in a § 1983 action depends upon who had final policy making authority.  Justice O'Connor set forth the "guiding principles" in Pembaur:

First, . . . municipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, "that is, acts which the municipality has officially sanctioned or ordered."  Second, only those municipal officials who have "final policy making authority" may by their actions subject the government to § 1983 liability.  Third, whether a particular official has "final policy making authority" is a question of state law.  Fourth, the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in that area of the city's business.

-5-

475 U.S. at 123.  Justice O'Connor added that state law would not always "speak with clarity."  Id. at 125.

The Praprotnik test indicates that liability relies more on final policy making authority than on technical characterizations of officials as state or county employees.  Dotson v. Chester, 937 F.2d 920 (4th Cir. 1991).  Thus, a "corollary proposition" is "whether an official acts on behalf of the county or the state."  Owens v. Fulton Co., 877 F.2d 947, 950 (11th Cir. 1989). Additionally, the Supreme Court recognized in Pembaur that, under appropriate circumstances, a Sheriff can establish final policy.  475 U.S. at 484 n. 12.

Although this Court has held that the Sheriff's Department lacks the capacity to be sued, there is no need to examine who is the proper party in this case, (the Sheriff's Department, Sheriff, County, or State) because the plaintiff's complaint makes no claim that the allegedly unconstitutional actions "implement[ed] or execute[d] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or that the alleged deprivations were taken pursuant to a persistent and widespread custom.  Monell at 690-691.  As Plaintiff Morgan does not allege that the Sheriff's Department promulgated an official office or departmental policy to falsely arrest citizens,  Plaintiff fails to allege a policy violation sufficient to sustain an action against the Sheriff's Department under § 1983.  Therefore, Plaintiff's claims against the Pasco County Sheriff's Department will be dismissed.

Accordingly, the Court orders:

That Plaintiff's complaint is dismissed, with prejudice.  The Clerk is directed to enter judgment against Plaintiff and to close this case.

The same legal analysis applies to Plaintiff's claims against the Pasco County Sheriff's Office in the present case, and the complaint against the Pasco County Sheriff's Office will be dismissed.

Accordingly, the Court orders:

1. That Plaintiff's complaint is dismissed.  The Clerk is directed to enter judgment against Plaintiff and to close this case.

2. That Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is denied. Plaintiff is assessed the $350.00 filing fee.  The Clerk is directed to send a copy of this order to inmate accounting at the Pinellas County Jail.

ORDERED at Tampa, Florida, on September 29, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Tyren Morgan